# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM COX and <br> KIMBERLY COX, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Case No. 18-CV-0117-CVE-JFJ <br> ) |
| SWIFT TRANSPORTATION CO. OF <br> ARIZONA, LLC, SAI WAI, and <br> PYAE MAUNG, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Defendant Pyae Maung's Motion for Summary Judgment and Brief in Support (Dkt. # 26). Defendant Pyae Maung argues that he was merely a passenger in the tractor-trailer that collided with plaintiff Adam Cox's tractor trailer, and Maung asserts that he cannot be held liable for negligence under Oklahoma law. Plaintiffs respond that they need to conduct additional discovery before responding to the motion for summary judgment, because they believe that it possible that a passenger can be held liable under Oklahoma law for failing to take appropriate action to prevent an automobile accident.

### I.

On July 31, 2017, Sai Wai was operating a tractor-trailer owned by by Swift Transportation Co. of Arizona, LLC (Swift), and he had stopped at a Kum and Go on the Will Rogers Turnpike in Oklahoma. Dkt. # 26-1, at 5. Wai attempted to merge onto the highway and it is undisputed that his tractor-trailer was struck in the rear by a tractor-trailer driven by Adam Cox. Oklahoma Highway Patrol (OHP) Trooper Jason McCarthy conducted an investigation and determined that the damage

to the tractor-trailers suggested that there was a substantial difference in speed between the two vehicles. Id. Wai stated that he had his emergency flashers on as he entered the highway and that he was in the process of accelerating to highway speed when the accident occurred. Id. McCarthy wanted to determine what speed a comparable vehicle could achieve when entering the highway. Id. McCarthy observed ten tractor-trailers of a similar size as Wai's vehicle merge onto the highway, and McCarthy determined that the average speed was 37 miles per hour when the vehicles merged onto the highway. Id. McCarthy concluded that it was reasonable that Wai's tractor-trailer was not moving in excess of the highway minimum of 50 miles per hour, and he determined that Cox had sufficient time to observe Wai's tractor-trailer and avoid the collision. Id.

On March 5, 2018, plaintiffs filed this case alleging claims against Swift, Wai, and Maung. Plaintiffs allege that Adam Cox was "properly and safely operating his commercial motor carrier, a 2012 Freightliner, while traveling eastbound on I-44 in Craig County, Oklahoma when suddenly and without warning collided with a tractor-trailer being operated by [Wai]." Dkt. # 2, at 3. The complaint clearly states that Wai was operating the Swift tractor-trailer and that Maung was a passenger at the time of the accident. Id. at 4. As to Maung, plaintiffs allege that Maung was serving as a driving instructor for Wai at the time of the accident. Id. Plaintiffs allege a claim of negligence against Wai and Maung and, as to Maung, plaintiffs claim that Maung had a duty to ensure that Wai was operating the tractor-trailer in a safe manner by driving at the minimum speed required on the highway and by using safety lights. Id. at 5. The complaint also alleges a claim of negligence per se against all defendants and claims of negligence against Swift based on theories of vicarious liability and failure to properly train or supervise its drivers. Id. at 6-7. Plaintiffs seek compensatory and punitive damages in excess of $1,000,000. Id. at 11.

Plaintiffs sent interrogatories to Maung seeking information about the accident, and Maung advised plaintiffs that he was a "trainee" when the accident occurred and that Wai was his instructor. Dkt. # 26-2, at 6. Maung states that he was in the sleeper berth when the Swift tractor-trailer was rear-ended by the tractor-trailer driven by Adam Cox. Id. at 7. Maung recalls that Wai was accelerating when the tractor-trailer driven by Adam Cox rear-ended their vehicle. Id. at 7. Numerous discovery disputes arose as to issues unrelated to plaintiffs' claims against Maung, and plaintiffs filed a motion to compel discovery. Dkt. # 27. The motion to compel was referred to a magistrate judge and the motion has been resolved. The parties filed a motion to extend all deadlines in the scheduling order, because the parties needed to gather additional information about Adam Cox's future medical treatment before proceeding. Dkt. # 48, at 3. In their motion to extend deadlines, the parties represent that Wai and Maung were deposed on December 20 and 21, 2018. Id. Plaintiffs have not attempted to supplement their response to Maung's motion for summary judgment with Wai's or Maung's deposition testimony.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored

procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Maung argues that he was merely a passenger in the tractor-trailer when the accident occurred, and he owed no duty to Adam Cox that could support a negligence claim against Maung. Dkt. # 26, at 6. Plaintiffs respond that they have not had time to conduct discovery to verify defendants' claims that Maung was merely a passenger in the vehicle and, even if Maung was simply a passenger, plaintiffs may still have a valid negligence claim against Maung if he failed to exercise ordinary care to prevent the accident. Dkt. # 30, at 5.

Plaintiffs argue that they have not had time to conduct discovery to verify Maung's claims that Maung was Wai's trainee, and they claim that they cannot fully respond to Maung's motion for

4

summary judgment. Dkt. # 30, at 3. The Court will treat plaintiffs' response to Maung's motion for summary judgment as a motion under Rule 56(d), which provides:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "The general principle of Rule [56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition.'" Price ex rel. Price v. Western Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)). To obtain relief under Rule 56(d), the party seeking relief must show "(1) that necessary and probable facts are not available, (2) why those facts cannot be presented currently, (3) 'what steps have been taken to obtain these facts,' and (4) 'how additional time will enable [plaintiffs] to' obtain those facts and rebut the motion for summary judgment." Blixseth v. Credit Suisse AG, 129 F. Supp. 3d 1190, 1210-11 (D. Colo. 2015). The party seeking additional time to conduct discovery must submit an affidavit or declaration that "explain[s] why facts precluding summary judgment cannot be presented." Committee for First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992). Rule 56(d) is not a "license for a fishing expedition" and the party seeking to a defer a ruling on a motion for summary judgment must identify specific discovery that is necessary in order to fully respond to the motion. Lewis v. City of Fort Collins, 903 F.2d 752, 759 (10th Cir. 1990). Relief should not be granted under Rule 56(d) when the "desired discovery would not meet the issue on

which the moving party contends there is no genuine factual issue." Jones v. City and County of Denver, Colorado, 854 F.2d 1206, 1211 (10th Cir. 1988).

Although plaintiffs claim that they do not have "adequate discovery," they do not identify any specific discovery that they have requested that could clarify Maung's role in the accident. The Court notes that plaintiffs state that they have taken Maung's deposition, but plaintiffs have not supplemented their response to Maung's motion for summary judgment. Dkt. # 48, at 3. This suggests that plaintiffs did not learn anything from Maung's deposition that would contradict the evidence that Wai was driving Swift's tractor-trailer at the time of the accident and that Maung was in the sleeper berth when the accident occurred. Even if the Court were to assume that plaintiffs could identify relevant discovery as to Maung, plaintiffs have cited no legal authority that a passenger in one vehicle can be held liable to a person driving a separate vehicle. It is undisputed that Wai was operating the Swift tractor-trailer when the accident occurred and, whether Maung was trainee or trainer, he was simply a passenger. An essential element of a negligence claim under Oklahoma law is that the defendant owe a legal duty to the plaintiff and that the defendant failed to perform that duty. In Tedford v. Line, 2011 WL 3440028 (N.D. Okla. Aug. 8, 2011), Judge Gregory K. Frizzell considered whether Oklahoma law would allow a negligence claim against a defendant who was merely a passenger in vehicle whose driver was allegedly at fault in an accident. The plaintiff in Tedford cited the Oklahoma Supreme Court's decision in Thomason v. Pilger, 112 P.3d 1162, 1166 (Okla. 2005), in which the court found that a passenger alleging a negligence claim against the driver who was in the same vehicle as the passenger could be subject to a defense of contributory negligence under certain circumstances. Judge Frizzell distinguished the defense of contributory negligence from a negligence claim directly against a passenger in a separate vehicle,

and he found no Oklahoma legal authority that would allow a negligence claim against a person who was a passenger in a vehicle whose driver was allegedly at fault for an accident. Oklahoma law suggests that a passenger has a duty to use ordinary care to ensure his or her own safety, but the Court can find no cases extending a passenger's duty to persons in other vehicles.

In this case, plaintiffs rely solely on Thomason as their legal authority to establish that Maung can be held liable as a matter of Oklahoma law. However, the Court finds that Thomason has no bearing on whether a passenger has an independent legal duty to persons in other vehicles. Thomason stands merely for the proposition that a passenger has a legal duty to exercise ordinary care for his or her own safety. Plaintiffs have not shown that any additional discovery as to Maung would be necessary for plaintiffs to fully respond to Maung's motion for summary judgment, because plaintiffs have failed to show that Maung could be held liable to them merely based on his status as a passenger in Swift's tractor-trailer. The Court finds that plaintiffs' request for additional time to respond under Rule 56(d) should be denied, because plaintiffs have not shown that any additional discovery would assist plaintiffs in responding to Maung's motion for summary judgment. Instead, Maung's motion is based on the straightforward legal principle that a passenger cannot be held liable to a third party for an automobile accident allegedly caused by the driver of a car in which the passenger was riding. Plaintiffs have cited no legal authority that would impose liability based solely on a person's status as a passenger in a vehicle, and the Court has independently found no Oklahoma statutory or case law suggesting that passenger liability is a viable theory of negligence under Oklahoma law. In addition, plaintiffs have not attempted to supplement their response with evidence that Maung had supervisory authority over Wai at the time of the accident, and there is no

evidence that would impose liability against Maung under a theory of failure to train or supervise Wai.

**IT IS THEREFORE ORDERED** that Defendant Pyae Maung's Motion for Summary Judgment and Brief in Support (Dkt. # 26) is **granted**, and Pyae Maung is terminated as a party in this matter.

**DATED** this 9th day of April, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE