## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. ADAM COX | ) | |
| 2. KIMBERLY COX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Case No: 18-CV-117-CVE-JFJ |
| v. | ) | |
| | ) | |
| 1. SWIFT TRANSPORTATION CO. OF | ) | |
| 2. ARIZONA, LLC, SAI WAI, and | ) | |
| 3. PYAE MAUNG | ) | |
| | ) | |
| Defendants. | ) | |

## UNOPPOSED MOTION TO INTERVENE

**COMES NOW**, Atlantic Specialty Insurance Company (hereinafter, "Atlantic Specialty"),

through its undersigned attorneys of record, and pursuant to FED. R. CIV. P. 24(a) and moves this

Court for leave to intervene as of right, or in the alternative, for leave to intervene permissively

pursuant to FED. R. CIV. P. 24(b). In support, Atlantic Specialty states and alleges as follows:

## STATEMENT OF THE CASE

1)      Plaintiffs filed a Complaint pursuant to 28 U.S.C. § 1332 on March 5, 2018 (ECF

No. 2) alleging that they were injured as a result of a vehicular collision that occurred on the

evening of July 31, 2017 in Craig County, Oklahoma. (ECF No. 2, ¶¶ 12, 14-18, 23, 27, 50-52)

(hereinafter "Pl. Compl.").

2)      Plaintiffs allege that on July 31, 2017, Plaintiff Adam Cox and Defendant Wai were

driving their respective tractor trailers eastbound on I-44.  (Pl. Compl. ¶¶ 14, 15).

3)      Plaintiffs also allege that the tractor trailer operated by Wai was owned by and

operated for the benefit of Defendant Swift Transportation Co. of Arizona, LLC (hereinafter

"Swift"), a commercial motor carrier.  (Pl. Compl. ¶ 15).

4)      Plaintiffs allege that Defendant Maung was a passenger in Wai's tractor trailer and served as his training instructor, and that both were employees of Swift. (Pl. Compl. ¶¶ 16, 35-36).

5)      Plaintiffs allege that the vehicles driven by Plaintiff Adam Cox and Defendant Wai collided, causing Adam Cox severe bodily injury. (Pl. Compl. ¶ 14).

6)      Plaintiffs allege that the negligence of Wai and Maung were the direct and proximate result of the July 31, 2017 accident. (Pl. Compl. ¶¶ 26-27).

7)      Plaintiffs allege that Defendant Swift is vicariously liable for the July 31, 2017 accident due to the agency and/or employment relationship between Wai, Maung, and Swift. (Pl. Compl. ¶¶35-39).

8)      Plaintiffs allege that Defendant Swift is further liable for the July 31, 2017 accident for its independent negligent actions including negligent hiring, training, retention, supervision, and entrustment which was the direct and proximate cause of Plaintiffs' damages.  (Pl. Compl. ¶¶ 34-39, 40-48).

9)      Atlantic Specialty is an insurance company which issued an occupational-accident insurance policy (the Policy") to the Transportation Industry Trust of which Titus Transport Holdings LLC. is a participating organization, policy number 216001927, under which Plaintiff was a covered person. (Wagner Declaration., ¶¶ 5-7, Ex. 1; Ex. 2, One Beacon Insurance Occupation Accident Policy) (hereinafter "Policy").

10)     As a result of the July 31, 2017 accident, Atlantic Specialty paid medical and indemnity benefits to or on behalf of Plaintiff Adam Cox in the amount of $83,435.70. This amount is subject to change in the event that additional benefits are paid. (Wagner Dec., ¶ 10, Ex. 1; Ex. 3, Payment Summary) (hereinafter "Ex. 3").

11)     The Policy under which benefits were paid to Plaintiff contains an express right of

both reimbursement and subrogation. The pertinent provisions of the Policy state as follows:

> This Policy is governed by the laws of the District of Columbia. (Policy, p. 2)

> **Conditional Claim Payment**
> If an Insured Person suffers a Covered Loss(es) as the result of Injuries for which a third party may be liable, We will pay the amount of benefits otherwise payable under this Policy. However, if the Injured Person, beneficiary or any other person receives payment from the third party, the Insured Person, beneficiary or any other person agrees to refund Us to the lesser of: (1) the amount actually paid by Us for such Covered Loss(es); or (2) an amount equal to the sum actually received from the third party for such Covered Loss(es). If Insured Person, beneficiary, or any other person does not receive payment from the third party for such Covered Loss(es), We reserve the right to subrogate under the Subrogation clause of this Policy.

> (Policy, p. 26.)

> …

> Recovery
> In the event an Insured Person makes a recovery from a third party for a loss paid under this Policy, the Insured Person will reimburse Us up to the amount of the benefits made by Us.

> Subrogation
> We have the right to recover all payments including future payments, which We have made, or will be obligated to pay in the future, to the Insured Person, beneficiary or any other person form anyone liable for the Covered Injury. If the Insured Person, beneficiary or any other person recovers from anyone liable for the Covered Injury, We will be reimbursed first from such recovery to the extent of Our payments to the Insured Person, beneficiary or any other person. The Insured Person, beneficiary or any other person agrees to assist Us in preserving Our rights against those responsible for such loss, including but not limited to, signing subrogation forms supplied by Us.

> (Policy, p. 27).

12)     Accordingly, pursuant to the contractual provisions found in the Policy, Atlantic Specialty has a right of reimbursement from Plaintiff, and has a first priority right of subrogation from any third party, including the Defendants.

13)     Atlantic Specialty is requesting that this Court enter an Order of Intervention

allowing Atlantic Specialty to be listed as an additional plaintiff to the extent necessary to protect its subrogation and reimbursement interests.

14)     It is Atlantic Specialty's belief that neither Plaintiffs nor the Defendants will be prejudiced by an Order sustaining Atlantic Specialty's Motion to Intervene as no trial or adjudication on the merits has occurred.

15)     Atlantic Specialty is a New York Company with a principal place of business in Minnesota. Upon information and belief, intervention by Atlantic Specialty will not raise any jurisdictional or venue issues. (Wagner Decl., ¶ 13, Ex. 1)

16)     Counsel for Plaintiffs has been contacted about this matter and does not oppose the motion.

17)     Counsel for Defendants have been contacted about this matter and have no objection.

18)     Atlantic Specialty has attached hereto its Proposed Complaint in Intervention. (Ex. 4).

<u>**ARGUMENT AND AUTHORITIES**</u>

Federal Rule of Civil Procedure 24 provides for two types of intervention: (1) intervention as of right, and (2) permissive intervention.  First, a party is entitled to intervene as of right if, on timely motion, the intervenor:

> claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2).  Second, a party may be permitted to intervene if, on timely motion, the intervenor "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B).  Federal courts broadly construe the rules governing

4

intervention to allow the disposal of lawsuits "by involving as many apparently concerned persons as compatible with efficiency and due process." *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 839 (10th Cir. 1996).

A. Atlantic Specialty Should be Permitted to Intervene as a Matter of Right pursuant to Fed FED. R. CIV. P. 24(a).

Under Rule 24(a)(2), non-parties may intervene in a pending lawsuit as of right if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. *Western Energy Alliance v. Zinke,* 877 F.3d 1157, 1164 (10th Cir. 2017) (brackets omitted).

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances*." Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001). Here, Atlantic Specialty's Motion is timely because trial has not occurred and has been no adjudication of the underlying merits. It is Atlantic Specialty's understanding that the parties have agreed to mediate this matter on July 1, 2019 (*See* ECF No. 64), and Atlantic Specialty believes that its participation at the July 1, 2019 mediation would be to the benefit of the parties so that all issues related to this litigation, including Atlantic Specialty's subrogation and reimbursement interests, may be discussed.

Second, Atlantic Specialty has a "direct, substantial and legally protectable" interest in the outcome of this litigation. "A protectable interest is one that would be impeded by the disposition of the action." *Western Energy Alliance,* 877 F.3d 1165. Courts have been liberal in applying this standard to allow intervention. *See National Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977). Here, Atlantic Specialty paid benefits to Adam Cox and by virtue

of Policy terms and payments by Atlantic Specialty to or on behalf of Adam Cox. Atlantic Specialty has an express right of both subrogation and reimbursement. (*See* Policy, p. 26) ("If Insured Person, beneficiary, or any other person does not receive payment from the third party for such Covered Loss(es)"); ("In the event an Insured Person makes a recovery from a third party for a loss paid under this Policy, the Insured Person will reimburse Us up to the amount of the benefits made by Us").

Furthermore, the existing parties to the litigation will not adequately represent Atlantic Specialty's interests. The burden imposed by this element of Rule 24(a) is "minimal." *Nat'l Farm Lines v. I. C. C.,* 564 F.2d 381, 383 (10th Cir. 1977) *citing Trbovich v. United Mine Wkers., 404 U.S. 528, 538 n. 10,* 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1972). In the Tenth Circuit, "[t]he mere threat of economic injury from the outcome of litigation to be sufficient for granting intervention." *Am. Ass'n of People With Disabilities v. Herrera*, 257 F.R.D. 236, 246 (D.N.M. 2008); *citing Utahns for Better Transp. v. U.S. Dep't of Transp.,* 295 F.3d at 1115. Furthermore, the "possibility of divergence" from the interests of the existing parties and petition may be sufficient to satisfy the burden of the petitioner. *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir. 1996).

Here, Atlantic Specialty would be economically injured if it is not permitted to intervene and assert its contractual rights of both reimbursement and subrogation. Moreover, the interest of Plaintiffs do not align with those of Atlantic Specialty because reimbursement of benefits paid by Atlantic Specialty would reduce any future net recovery secured by Plaintiffs. Because all of the elements of FED. R. CIV. P. 24(a)(1) have been satisfied, Atlantic Specialty should be allowed to intervene as a matter of right.

B.  In the Alternative, the Court should Grant Permissive Intervention pursuant to FED. R. CIV. P. 24(B).

As shown above, Atlantic Specialty meets the requirements for intervention as a matter of right. In the event, however, that the Court determines that Atlantic Specialty does not meet the requirements of Fed. R. Civ. P.24(a), permissive intervention under Fed. R. Civ. P. 24(b) is proper in the alternative.

Atlantic Specialty satisfies the test for permissive intervention as its claim and the main action share, at a minimum, a common question of law – whether Defendants' negligence made them liable for the injuries suffered by Plaintiff Adam Cox. Furthermore, intervention in this action at this early stage would not unduly delay or prejudice the adjudication of the rights of the original parties in any way. Atlantic Specialty does not seek to expand the scope of this proceeding by incorporating new issues that are unrelated to Plaintiffs' allegations, but only to ensure that its interests are adequately protected. The participation of Atlantic Specialty would not result in an unmanageable number of parties and clearly would be compatible with efficiency and due process. If anything, intervention would promote judicial efficiency by diminishing the prospect of future litigation by Atlantic Specialty.

Consequently, Atlantic Specialty should be permitted to intervene under Rule 24(b) in order to facilitate the resolution of its common claims of law and fact in one proceeding consistent with the principles of judicial economy. Thus, permissive intervention is appropriate in this case.

**WHEREFORE**, Atlantic Specialty Insurance Company respectfully moves this Court to sustain its Motion to Intervene as an additional plaintiff in this action to the extent necessary to protect and enforce its subrogation and reimbursement interests as discussed above.

Dated this 29th day of May, 2019.

Respectfully submitted,


*/s/ Stephen A. Smith*_____
Stephen A. Smith (WI Bar No. 1090098)
**Matthiesen, Wickert & Lehrer, S.C.**
1111 East Sumner Street
P.O. Box 270670
Hartford, WI 53027-0670
PH.: (262) 673-7850
FAX: (262) 673-3766
Email: Ssmith@mwl-law.com


*/s/ Keith R. Brecheen*_____
ERIN BLOHM, OBA #22496
KEITH R. BRECHEEN, OBA #33127
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: eblohm@johnsonhanan.com
E-Mail: kbrecheen@johnsonhanan.com
*Attorneys for Atlantic Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing:

Jim Buxton                          jim@buxtonlawgroup.com

Robert P. Coffey                    robert@csmlawgroup.com

Timothy S. Harmon, Sr.              tim@csmlawgroup.com


*/s/ Keith R. Brecheen*_____
Keith R. Brecheen


8