**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. ADAM COX )<br>2. KIMBERLY COX, )<br>       )<br>    Plaintiffs, )<br>       )<br>       ) Case No: 18-CV-117-CVE-JFJ<br>v.    )<br>       )<br>1. SWIFT TRANSPORTATION CO. OF )<br>2. ARIZONA, LLC, and SAI WAI )<br>       )<br>    Defendants. ) | |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S
COMPLAINT IN INTERVENTION**

Intervening Plaintiff, Atlantic Specialty Insurance Company (hereinafter "Atlantic Specialty") by and through its undersigned counsel hereby files this Complaint in Intervention and states as follows:

**PARTIES**

1. Intervenor Atlantic Specialty is a New York corporation with its principal place of business located in Plymouth, Minnesota.

2. Upon information and belief, Plaintiffs Adam Cox and Kimberly Cox are residents of the state of Texas.

3. Defendant Sai Wai is a resident of the state of Georgia.

4. Defendant Swift Transportation Co. of Arizona, LLC is a Delaware corporation with a principal place of business located in Arizona.

**JURISDICTION AND VENUE**

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 based upon diversity; the amount in controversy in this action exceeds $75,000.00.

6. This Court has personal jurisdiction with respect to each of the Defendants in this case as Plaintiff's cause of action arises out of a tort which was allegedly committed within the Northern District of Oklahoma, and as a result of business being conducted in the Northern District of Oklahoma.

**RELEVANT FACTS**

7. Plaintiffs brought this action against Defendants on March 5, 2018, to recover for damages incurred in a motor vehicle accident on July 31, 2017.

8. On July 31, 2017, Plaintiff Adam Cox and Defendant Wai were driving their respective tractor trailers eastbound on I-44.

9. On July 31, 2017, the tractor trailer operated by Wai was owned by and operated for the benefit of Defendant Swift Transportation Co. of Arizona, LLC (hereinafter "Swift"), a commercial motor carrier.

10. On July 31, 2017, Defendant Wai was operating the subject tractor-trailer as an employee, agent, servant, or independent contractor for Defendant Swift.

11. As a result of the negligent actions and/or omissions of Defendants Wai, an accident occurred on July 31, 2017 causing injuries to Adam Cox.

12. Atlantic Specialty is an insurance company which issued an occupational-accident insurance policy (the Policy") to Transportation Industry Group Insurance Trust of which Titus Transport Holdings LLC. is a participating organization, policy number 216001927, under which Plaintiff was a covered person.

13. As a result of the July 31, 2017 accident, Atlantic Specialty paid medical and indemnity benefits to or on behalf of Plaintiff Adam Cox in the amount of $83,435.70. This amount is subject to change in the event that additional benefits are paid.

14. The Policy under which benefits were paid to Plaintiff contains an express right of both reimbursement and subrogation. The pertinent provisions of the Policy state as follows:

> This Policy is governed by the laws of the District of Columbia. (Policy, p. 2, Exhibit 1)
>
> **Conditional Claim Payment**
> If an Insured Person suffers a Covered Loss(es) as the result of Injuries for which a third party may be liable, We will pay the amount of benefits otherwise payable under this Policy.  However, if the Injured Person, beneficiary or any other person receives payment from the third party, the Insured Person, beneficiary or any other person agrees to refund Us to the lesser of: (1) the amount actually paid by Us for such Covered Loss(es); or (2) an amount equal to the sum actually received from the third party for such Covered Loss(es).  If Insured Person, beneficiary, or any other person does not receive payment from the third party for such Covered Loss(es), We reserve the right to subrogate under the Subrogation clause of this Policy.
>
> (Policy, p. 26, Ex. 1)
>
> …
>
> Recovery
> In the event an Insured Person makes a recovery from a third party for a loss paid under this Policy, the Insured Person will reimburse Us up to the amount of the benefits made by Us.
>
> Subrogation
> We have the right to recover all payments including future payments, which We have made, or will be obligated to pay in the future, to the Insured Person, beneficiary or any other person form anyone liable for the Covered Injury.  If the Insured Person, beneficiary or any other person recovers from anyone liable for the Covered Injury, We will be reimbursed first from such recovery to the extent of Our payments to the Insured Person, beneficiary or any other person.  The Insured Person, beneficiary or any other person agrees to assist Us in preserving Our rights against those responsible for such loss, including but not limited to, signing subrogation forms supplied by Us.
>
> (Policy, p. 27).

15. Accordingly, pursuant to the contractual provisions found in the Policy, Atlantic Specialty has a right of reimbursement from Plaintiff, and has a first priority right of subrogation from any third party, including the Defendants.

## COUNT I: NEGLIGENCE
### (Wai)

16. Plaintiff restates paragraphs 1 through 15 as though fully stated herein.

17. At all times relevant, Defendant Wai had a duty to use ordinary care and caution in the operation and maintenance of his vehicle so as not to cause injury to the person and/or property of others.

18. Defendant Wai owed a duty to Plaintiff Adam Cox and to all drivers along I-44 to operate a commercial motor carrier in a safe manner by driving at least the minimum speed required for I-44 and utilizing all safety equipment, including lights.

19. Defendant Wai breached his duty to Plaintiff Adam Cox and to all drivers by failing to operate the commercial motor carrier in a safe and reasonable manner.

20. Defendant Wai was negligent in not displaying proper lighting on the trailer of the commercial motor carrier at night.

21. Defendant Wai was negligent in operating the commercial motor carrier unsafely and at a low speed, in violation of 47 O.S. §11-804(a).

22. Defendant Wai did not have the requisite knowledge and skills to operate a commercial motor vehicle, in violation of 40 C.F.R. §383.111 and §383.113 of the FMCSA.

23. The negligence of Defendant Wai is the direct and proximate cause of Plaintiffs' injuries.

24. As a direct and proximate result of Defendant Wai's negligence, Atlantic Specialty paid occupational-accident benefits to or on behalf of Adam Cox in accordance with the terms and conditions of the Policy.

## COUNT II: VICARIOUS LIABILITY
### (Swift)

25. Plaintiff restates paragraphs 1 through 24 as though fully stated herein.

26. At all times relevant to the events herein described, Defendant Wai was an employee, agent, servant, or independent contractor for Defendant Swift.

27. Regardless of the nature of Defendant Wai's employment, a statutory employer-employee relationship exists between Defendant Wai and Defendant Swift, pursuant to 49 C.F.R. §390.5 of the FMCSA.

28. Defendant Swift is an interstate motor carrier responsible for the acts of Defendant Wai.

29. At all times relevant to the events herein described, Defendant Wai was within the scope of his employment and operating a commercial vehicle for the benefit of Defendant Swift.

30. Defendant Swift, pursuant to the doctrine of respondent superior, is vicariously liable for the negligence committed by its employees.

### COUNT III: REIMBURSEMENT
### (Adam Cox)

31. Plaintiff restates paragraphs 1 through 15 as though fully stated herein.

32. Pursuant to state law and the policy, Atlantic Specialty has a right of reimbursement, recovery and subrogation to recover all occupational/accident and death and survivor benefits paid from defendants and from any third-party recovery herein, as well as a credit for any future death benefits, survivor benefits or other payments under the policy.

**WHEREFORE**, Atlantic Specialty Insurance Company, respectfully requests the following:

a) A declaratory judgment under 28 U.S.C. § 2201 that it is entitled to a first priority subrogation and reimbursement claim against any recovery;

b) Judgment against the Defendants for benefits paid under Atlantic Specialty's Policy pursuant to the subrogation provisions of the Policy;

c) Reimbursement from any recovery obtained by Plaintiff pursuant to the reimbursement provisions of the Policy; and

d) Any other relief to which it may be entitled and that this Court deems just and proper.

Respectfully submitted,

*/s/ Stephen A. Smith*_____
Stephen A. Smith (WI Bar No. 1090098)
**Matthiesen, Wickert & Lehrer, S.C.**
1111 East Sumner Street
P.O. Box 270670
Hartford, WI 53027-0670
PH.: (262) 673-7850
FAX: (262) 673-3766
Email: Ssmith@mwl-law.com


*/s/ Keith R. Brecheen*_____
ERIN BLOHM, OBA #22496
KEITH R. BRECHEEN, OBA #33127
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: eblohm@johnsonhanan.com
E-Mail: kbrecheen@johnsonhanan.com

*Attorneys for Atlantic Specialty Insurance Company*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing:

| | |
|---|---|
| Jim Buxton | jim@buxtonlawgroup.com |
| Robert P. Coffey | robert@csmlawgroup.com |
| Timothy S. Harmon, Sr. | tim@csmlawgroup.com |

*/s/ Keith R. Brecheen*_____
Keith Brecheen

6