# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. ADAM COX and | ) | |
| 2. KIMBERLY COX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-117-CVE-JFJ |
| | ) | |
| 1. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | ) | Jury Trial Demanded |
| 2. SAI WAI, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 1. ATLANTIC SPECIALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Intervenor. | ) | |

## DEFENDANTS' MOTION FOR SANCTIONS FOR PLAINTIFFS' SPOLIATION OF EVIDENCE

Defendants Swift Transportation Co ("Swift") and Sai Wai ("Wai") (together "Defendants") move the Court pursuant to Rule 37 of the Federal Rules of Civil Procedure, and this Court's inherent authority, for an Order granting Defendants such just relief as this Court deems proper, arising out of Plaintiffs' spoliation of critical evidence. In support of this Motion, Defendants offer the following:

### STATEMENT OF THE CASE

As this Court is undoubtedly aware, this matter concerns a motor vehicle accident between two tractor-trailers on July 31, 2017. The evidence presented illustrates that Plaintiff Adam Cox ("Cox") was traveling eastbound on the Will Rogers Turnpike near Vinita. As Cox approached an exit with a McDonald's and Kum and Go gas station, he contends he changed lanes (from the

1

right lane to the left) to allow another tractor-trailer to merge and, shortly thereafter, returned to the right lane.  Seconds later, Cox struck the back end of Wai's tractor-trailer.  Wai had merged back onto the turnpike after having stopped at the gas station and was in the process of accelerating up to highway speed.  At all times pertinent, Cox claimed to have had his cruise control set at 72 m.p.h.  Cox explained to the investigating officer that he noticed Wai's trailer at the last second and tried to swerve left.

Notwithstanding that it was Cox who failed to see Wai's trailer until the last second, it was apparent almost immediately after the accident, that Plaintiffs considered the accident to be Wai's fault.  Cox and his sister met with Oklahoma Highway Patrol Trooper Jason McCarthy, the investigating officer, a day or two after the accident, and began questioning him about his findings and conclusions, including Wai's speed and why it was acceptable. This conversation/interview was recorded by Cox's sister.  These questions strongly suggest that Plaintiffs were considering legal action against Wai due to his (perceived) fault.  This suggestion is furthered by a medical record suggesting Plaintiffs retained counsel no later than September 5, 2017, barely one month post-accident.

Despite Plaintiffs' clear intention to pursue a legal action, Plaintiffs made no effort to retain information that would be potentially valuable to Defendants.  Cox maintained a paper log of his driving activities, his company not having moved to an electronic logging system.  Cox made no effort to retrieve his logbook from his truck, even though his cell phone was removed at some point after the accident.  Plaintiffs were therefore unable to produce the logbook when requested by Defendants to produce it.  Additionally, Plaintiffs made no effort to secure the ECM device on Cox's owned tractor, making it impossible for Defendants to download data from the device.

## ARGUMENT AND AUTHORITY

1. FACTS RELEVANT FOR SPOLIATION ISSUE

Defendants offer the following facts as bearing on the issue of spoliation:

1. Cox and his sister questioned Trooper McCarthy one to two days after the accident about the propriety of Wai's speed and its relationship to the accident. See Exhibit 1, transcript of recorded interview; Exhibit 2, Cox's deposition, p. 155, ll. 2-7.

2. Plaintiffs appear to have retained an attorney just over one month post-accident. See Exhibit 3, Parkland Health System information sheet for Cox, dated September 5, 2017, showing Cox's email as that of his attorney.

3. Cox's cell phone was retrieved from the truck sometime following the accident. Exhibit 2, p. 140, ll. 2-4.

4. Cox maintained a paper logbook, which was on his dash at the time of the accident. Exhibit 2, p. 39, ll. 22-25, p. 40, ll. 1-12.

5. Plaintiffs did not produce logbooks for Cox to Defendants in response to Defendants' Request for Production of Documents. See Exhibit 4, Plaintiff's Response to Defendants' Request for Production of Documents, No. 15.

6. Cox was an owner-operator for Titus. See Exhibit 5, deposition of Calvin Walker, p. 13, ll. 17-19.

7. The engine, including the ECM device, from Cox's tractor was held by ERS, who assisted in cleaning up the accident site, for at least 30 days following the accident, then disposed of when no one contacted it to retain the engine or ECM device. See Exhibit 6, Affidavit of Paul Koons.

## 2. PLAINTIFFS SPOLIATED IMPORTANT EVIDENCE

Spoliation is the destruction of evidence or the failure to preserve property for another's use as evidence in either pending, or **reasonably foreseeable**, litigation. *Barnett v. Simmons,* 2008 OK 100, ¶21, 197 P.3d 12, 20. Spoliation includes the negligent destruction or loss of tangible and relevant evidence which impairs a party's ability to defend a claim. *Id.* Sanctions may be imposed for the reasonably foreseeable destruction of evidence even if there is no discovery order that has been violated. *Id,* at ¶19, p. 19.

The subject accident occurred at approximately 12:30 a.m., after Cox had been driving for many hours. Exactly how long Cox had been driving, and whether he kept accurate records of his driving, are of obvious importance to Defendants, as Cox's inattention or falling asleep at the wheel is the most likely explanation for the accident. The importance of the logs would be particularly obvious to Cox, himself a professional truck driver. His failure to exercise any care to ensure the logbook's safe retention cannot be excused. If Cox's cell phone could be located and retrieved, so too could his logbook. The only logical explanation that it was not is that Cox either didn't care if the logbook was found, or didn't want it to be found. Either is improper, given the clear significance of the logbook to Defendants' defense of the case, and Cox's familiarity with the purpose of the logbook.

Cox's ECM device could be equally important to Defendants[1] in defending against Plaintiffs' claims. A download of the ECM data would have disclosed Cox's actual speed just prior to the accident, when, if at all, he applied his brakes, and his speed at impact, among other facts. As a seasoned driver, Cox understood what information the ECM device could provide.

---

[1] The degree of importance, of course, cannot be determined because the ECM device no longer exists.

Yet, he failed to make any effort to contact ERS to have it hold the ECM for later use, thus allowing it to be destroyed.

It is clear that litigation was "reasonably foreseeable" to Plaintiffs, given their interrogation of Trooper McCarthy and their prompt retention of legal counsel. Plaintiff's failing to take an action to locate and secure either the logbook or the ECM device has seriously affected Defendants' ability to establish Cox's mental and physical status immediately prior to the accident, as well as his actions leading up to and including the accident. Sanctions are warranted. Such sanctions include a dismissal of Plaintiffs' case, or to ameliorate the improper advantage enjoyed by Plaintiffs. *Barker v. Bledsoe,* 85 F.R.D. 545, 548 (W.D. Okla. 1979). Possible amelioration would include a jury instruction that the logs, if produced, would show that Cox had exceeded his hours at the time of the accident, and that the ECM, if downloaded, would show that Cox was travelling faster than he claims and/or failed to brake or take any evasive action.

## CONCLUSION

By Plaintiffs failing to take any action to secure either the logbook or ECM device, it was reasonably foreseeable to them that both the book and ECM would be lost and unavailable to Defendants to use in their defense of this case. Sanctions should be imposed on Plaintiffs because of this destruction.

Respectfully submitted,

/s/ Timothy S. Harmon, Sr.
Robert P. Coffey, OBA No. 14628
Timothy S. Harmon, Sr., OBA No. 11333
Robert E. Applegate, OBA No. 17376
Coffey Senger & McDaniel, PLLC
4725 E. 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787
918-292-8788 – Fax
robert@csmlawgroup.com
tim@csmlawgroup.com
applegate@csmlawgroup.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of June, 2019, I electronically transmitted the attached document to the Clerk of Court using ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jim Buxton
Buxton Law Group
1625 N. Classen Blvd.
Oklahoma City, OK 73106
jim@buxtonlawgroup.com
*Attorneys for the Plaintiffs*

Jacquelyn L. Ford
Ford Law
1621 N. Classen Blvd.
Oklahoma City, OK 73106
jacqui@fordlawokc.com
*Attorney for the Plaintiffs*

Keith Russell Brecheen
Johnson, Hanan, Vosler, Hawthorne & Snider
9801 N. Broadway Extension
Oklahoma City, OK 73114
kbrecheen@johnsonhanan.com
*Attorney for Intervenor, Atlantic Specialty Insurance Company*

Stephen A. Smith
Matthiesen, Wickert & Lehrer, S.C.
1111 East Sumner Street
P.O. Box 270670
Hartford, WI 53027
ssmith@mwl-law.com
*Attorney for Intervenor, Atlantic Specialty Insurance Company*

                                                /s/ Timothy S. Harmon, Sr.
                                                Timothy S. Harmon, Sr.