# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ADAM COX and KIMBERLY COX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-117-CVE-JFJ |
| | ) | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and SAI WAI, | ) ) | Jury Trial Demanded |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Intervenor. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Defendants Swift Transportation Co ("Swift") and Sai Wai ("Wai") (together "Defendants") urge this Court to deny Plaintiffs' Motion for Sanctions [Dkt. 88]. As they have throughout this case, Plaintiffs have overstated their claims and misstated relevant facts. Indeed, the sheer volume of these overstatements and misstatements make it impracticable to address them all. Defendants will address the more significant of them, which, as shown below, demonstrate there is no factual or legal basis for an imposition of sanctions against Defendants.

### INTRODUCTION

As this Court recognized in its April 9, 2019 ruling on (former) Defendant Pyae Maung's ("Maung") Motion for Summary Judgment [Dkt. 60], the subject accident occurred when Plaintiff Adam Cox ("Cox") struck the rear of a tractor trailer driven by Wai as Wai was merging onto the highway after leaving a Kum and Go on the Will Rogers Turnpike at around 12:30 a.m. on July

1

31, 2017. Cox admitted that he was driving 72 mph and did not see Wai until right before impact, and only had time to swerve left. The accident was investigated by Oklahoma Highway Patrol Trooper Jason McCarthy, who found no improper action by Wai.

Despite the accident clearly having been caused by Cox, Plaintiffs filed the instant action. Likely in recognition of the lack of negligence on Defendants' part, Plaintiffs now seek sanctions in the form of a directed verdict on liability. Plaintiffs' base their quest for such sanctions on the basis of three[1] "missing" types of records: drivers' log/hours of service for the day of the accident, Qualcomm data and messages, and ECM (Electronic Control Module)/CER (Critical Events Report). Plaintiffs mistakenly state that such information must be preserved due to Federal regulations. As shown below, only one of the three (drivers' logs) are required to be preserved, but the absence of the logs is of no importance. The other two types of documents/information are not required to be retained, and Defendants had no reason to believe that such should have been retained, as the accident was caused by Cox, not Wai.

1. <u>Spoliation Only Exists When Litigation is Pending or Reasonably Foreseeable</u>

While Oklahoma has recognized the concept of spoliation, it is clear that spoliation can exist only when litigation is pending or is reasonably foreseeable. *Barnett v. Simmons,* 2008 OK 100, ¶ 21, 197 P.3d 12, 20. When such pre-conditions exist, spoliation can be found only when evidence is destroyed or significantly and meaningfully altered, which adversely affects the ability of a litigant to prove his claim or defense. *Id.*

In this case, of course, no litigation was ongoing when Defendants were allegedly required to preserve evidence. Further, Defendants could not reasonably foresee that litigation was forthcoming. Trooper McCarthy investigated the accident, and found no improper action by Wai.

---

[1] Plaintiffs list 5 types of data, but drivers' logs and drivers' hours of service records are the same, as are ECM and CER data.

McCarthy allowed Wai to leave the accident scene without obtaining a download of Wai's ECM, or retaining control of the tractor-trailer. The retention letter sent by Plaintiffs' counsel was not received until over two months post-accident, by which time most of the information counsel requested to be preserved had already been disposed of. More importantly, none of the information Plaintiffs cite in support of their Motion have any meaningful impact on their ability to prove their claims.

This Court has, at least tacitly, determined that Defendants did not have a reasonable belief that litigation was forthcoming. Defendants objected to the production of file of the independent adjuster retained by Defendants, on the basis of work product. In ruling that the file must be produced, this Court determined that there was not a sufficient showing that the work was done in anticipation of litigation. To rule otherwise now would be contrary to this earlier ruling. If, as Plaintiffs' suggest, Defendants should have been aware of possible litigation, irrespective of the facts, then every trucking company and driver involved in an accident, regardless of the facts, would be tasked with preserving all evidence, and all investigation performed post-accident would be subject to the work-product privilege. Of course, this is not the standard, generally, or in this case.

2. Drivers' Logs/Hours of Service

Plaintiffs inaccurately state that Federal regulations apply to all three of the at-issue types of information. Defendants acknowledge that 49 C.F.R. Part 395.8(k) and 49 C.F. R. Part 379, App. A, do require a driver's logs to be kept on a rolling 6 month period. Swift received notification of the accident in its Arizona office at prior to midnight, Mountain Standard Time, on July 30, 2017. Even though the accident occurred in the Central Time Zone, Swift failed to convert the accident time to account for the time difference. Thus, when the retention letter was received,

logs from July 30, 2017 and backwards were retained, while the one and one half of pre-accident logs for July 31st not retained. This accident occurred on July 31, 2017, around 12:30 a.m. *See* Event Detail from the Oklahoma Highway Patrol, (Exhibit 1, Bates Nos. D000132-133.) Per the fuel report, Wai purchased fuel at the Kum & Go #891, Vinita, OK, on July 31, 2017 at 0017 o'clock. *See* Display Report for fuel card issued to Sai Wai, (Exhibit 2, Bates No. D 001040.) This is the Kum & Go located at the over-highway McDonalds which has been used as a landmark throughout this case. The logs produced of Wai are on Eastern time and show Wai was driving up until 11:00 p.m. Central Standard Time. *See* Logs of Sai Wai for July 30, 2017, (Exhibit 3, Bates Nos. D000051-52.) Thus, the missing log would show only the one and one half hours leading up to the accident. It is undisputed Wai fueled at the Kum & Go shortly before the accident. That occurred at 12:17 a.m. on July 31, 2017. Thus, nothing of significance would be demonstrated by a driver log for July 31, 2017.

More importantly, Plaintiffs have not been harmed by the absence of the July 31, 2017 one and one half hour of pre-accident logs. Plaintiffs argue that they cannot determine who was driving. That Plaintiffs make this argument in the face of overwhelming evidence that Wai was the driver is difficult, at best, to understand. Plaintiffs appear to either be ignoring the fact that this Court, by its April 9, 2019 ruling [Dkt. 60] found that Wai, not Maung, was the driver, or are attempting to re-argue this issue. Plaintiffs have chosen to disbelieve discovery responses from Maung (Exhibit 4, Maung's Answer to Interrogatory No. 15; Exhibit 5, Answer to Request for Admission 3), deposition testimony from Maung (Exhibit 6, p. 55, ll. 6-16), and Wai's deposition testimony (Exhibit 7, p. 114, l. 23 – p. 115, l. 1) that Maung was a passenger and Wai was the driver. Plaintiffs do not believe the Official Collision Report prepared by McCarthy that Wai was the driver. Plaintiffs apparently disregard Maung's driver logs showing that he stopped driving on

4

July 30, 2017 at 3:43 EST (Exhibit 8, Maung's July 30, 2017 logs, Bates Nos D001061-1062), or that Wai's logs for July 30, 2017 show that he performed a pre-trip inspection at 9:51 EST, and began driving shortly thereafter (Exhibit 3, Bates No. D00052). Despite this overwhelming evidence, Plaintiffs incredibly suggest that the one document not available holds the key to their case.[2] The facts of the accident are uncontroverted, despite the unsupported arguments Plaintiffs offer. The one unavailable log does not change this fact. Plaintiffs have not been harmed by the inadvertent disposal of the 7/31/17 log. Even if Plaintiffs could establish harm, Defendants' disposal of the log was not willful or done in bad faith. No sanction is warranted.

3. ECM/CER

Despite Plaintiffs' misguided statements to the contrary, there are no requirements, either in the FMCSR, or in Swift's policy, that requires the download of an ECM (a CER, if one was recorded, would be shown in an ECM download). As the Court can easily discern, the Swift policy calls for document retention related to "any threatened or pending lawsuits". No suit was pending, and no hint of a lawsuit existed until Swift received Plaintiffs' retention letter, by which time, this information was no longer available to be retained.

Plaintiffs misreads, and overreads (consistent with their positions taken thus far), 49 CFR Part 395.8(k)(1). This regulation states:

> **(k)** *Retention of driver's record of duty status and supporting documents.*
> **(1)** A motor carrier shall retain records of duty status and supporting documents required under this part for each of its drivers for a period of not less than 6 months from the date of receipt.

Thus, the only data to be saved is a driver's electronic logs. This regulation does not pertain to, or require, the retention of ECM data.

---

[2] If the log for 7/31/17 was available, and showed Wai to be the driver, Plaintiffs would doubtless argue that the log had been altered.

5

Plaintiff argues, correctly, that Bill Peyton, Swift's Regional Safety Director testified that an ECM download **could have** been made at the time of the accident. However, Peyton **did not** testify that a download **should have** been done. This is because it is not required.

Trooper McCarthy was aware that if Wai was allowed to leave the accident scene in his truck, data would be overwritten on the ECM. Exhibit 9 Deposition of Trooper McCarthy, pp. 45-47. Despite this knowledge, he allowed Wai to leave the accident scene without obtaining an ECM download. McCarthy had the authority to hold Wai's tractor, but decided not to. Had McCarthy felt that the ECM data was important, he could have taken steps to obtain that data, but chose not to. It is possible that the ECM did not even contain any recorded information, given the short distance Wai had driven since resuming his trip and the speed he had reached, a fact acknowledged by Plaintiffs' own expert. See Exhibit 10, Deposition of Michelle Beach, pp. 55-57. Nevertheless, it was the overwriting of any data present that made it impossible for Defendants to provide ECM data to Plaintiffs.

Notwithstanding the lack of any requirement to preserve ECM data, Plaintiffs have not, and cannot, demonstrate that the absence of this data has hampered their case. What would the ECM data have shown, if any data had been recorded, that is not already undisputedly shown? A fuel ticket, previously produced to Plaintiffs, proves that Wai stopped for fuel at the Kum and Go shortly before the accident. The great disparity in speeds between Wai's unit and that of Cox, as determined by Trooper McCarthy, shows that Wai had left the fuel stop, had entered the highway, and was still accelerating to highway speed at the time of the accident. There is simply no "lost" data that would aid Plaintiffs' case.

While Cox, perhaps understandably, would like to believe that Wai's actions were other than shown by this evidence (for example, that he was driving without lights, etc.), the inescapable

6

fact remains that Cox simply failed to observe a white trailer, with its lights on and equipped with reflective tape that is visible from over 1000 feet with low beam headlights, until the last second, and could not avoid a collision. Overwritten ECM data cannot alter these facts.

4. Qualcomm

Plaintiffs reference Qualcomm and Omnitracs as if they are two different devices. Omnitracs makes and sells Qualcomm. There is no device called Omnitracs.

There was no regulation, effective at the time of the accident, requiring the retention of mobile electronic communications. The regulation cited by Plaintiffs, C.F.R. Part 395.11, did not become effective until 12/18/17. However, had this regulation been in effect at the time of the accident, the result would not have changed. The current regulation calls for the retention of 8 supporting documents of the 10 or more listed. Thus, Qualcomm messages are not necessarily required to be maintained. Plaintiffs' sweeping declaration that federal regulations "require the preservation of this evidence" is incorrect.

Similarly, Swift's policy does not require the preservation of Qualcomm messages as Plaintiffs allege. (Confidential) Qualcomm information for a tractor is to be retained for 7 days. See Exhibit 11, (Confidential) Swift Transportation Company Records Guide, Appendix B, Master List, Bates No. D 000791. Bill Peyton testified that Qualcomm information is retained for 45 days **at most.** Exhibit 12, Deposition of William Peyton, pp. 30-31.

As with the drivers' logs and ECM data, Plaintiffs, despite sweeping statements to the contrary, have not been hindered by the absence of the Qualcomm messages. Plaintiffs argue that Wai's entry of the Macro for breakdown, immediately following the accident, is somehow significant. As Wai explained in his deposition, he used the breakdown Macro because his first thought after the accident was that a tire had blown. See Exhibit 7, p. 113, ll. 1-6. He also

7

explained that he entered this Macro, but also called the accident in to Swift. Exhibit 7, p. 117, l. 15 – p. 118, l. 15. Of course, how Wai coded the incident, after the fact, doesn't alter what actually occurred. Having the actual Qualcomm data does not change the fact that Wai was rear-ended by Cox. Plaintiffs simply cannot establish any harm caused by the absence of Qualcomm data.

## CONCLUSION

Defendants had no reason to believe that a lawsuit would be filed concerning the accident caused by Cox rear-ending Wai, until Plaintiffs sent their retention letter, some 78 days after the accident. By then, it was too late to retain either the ECM data from Wai's truck, or Qualcomm data. The former was overwritten as soon as Trooper McCarthy made the decision not to obtain a download of the ECM, and allowed Wai to drive away from the accident scene. The latter was discarded, in keeping with Swift's normal business operations, long before the retention letter was received Only Wai's driver log for the day of the accident could have been retained, but due to Swift recording the day of the accident as July 30, rather than July 31 (because of differing time zones), logs from July 30 and previous were retained after the retention letter was received. Plaintiffs have not established any harm to their ability to prove their claims by the absence of any of these three types of information. Sanctions are not warranted. Plaintiffs' Motion should be denied.

        Respectfully submitted,

        /s/ Timothy S. Harmon, Sr.
        Robert P. Coffey, OBA No. 14628
        Timothy S. Harmon, Sr., OBA No. 11333
        Robert E. Applegate, OBA No. 17376
        Coffey Senger & McDaniel, PLLC
        4725 E. 91st Street, Suite 100
        Tulsa, OK 74137
        918-292-8787
        918-292-8788 – Fax
        robert@csmlawgroup.com
        tim@csmlawgroup.com
        applegate@csmlawgroup.com
        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2019, I electronically transmitted the attached document to the Clerk of Court using ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jim Buxton
Buxton Law Group
1625 N. Classen Blvd.
Oklahoma City, OK 73106
jim@buxtonlawgroup.com
*Attorneys for the Plaintiffs*

Jacquelyn L. Ford
Ford Law
1621 N. Classen Blvd.
Oklahoma City, OK 73106
jacqui@fordlawokc.com
*Attorney for the Plaintiffs*

Keith Russell Brecheen
Johnson, Hanan, Vosler, Hawthorne & Snider
9801 N. Broadway Extension
Oklahoma City, OK  73114
kbrecheen@johnsonhanan.com
*Attorney for Intervenor, Atlantic Specialty Insurance Company*

Stephen A. Smith
Matthiesen, Wickert & Lehrer, S.C.
1111 East Sumner Street
P.O. Box 270670
Hartford, WI 53027
ssmith@mwl-law.com
*Attorney for Intervenor, Atlantic Specialty Insurance Company*

                                    /s/ Timothy S. Harmon, Sr.
                                    Timothy S. Harmon, Sr.