# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

1. ADAM COX and
2. KIMBERLY COX,

        Plaintiffs,

v.                                  Case No. 18-cv-117-CVE-JFJ

1. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,
2. SAI WAI,

        Defendants,

and

1. ATLANTIC SPECIALTY INSURANCE COMPANY,

        Intervenor.

## PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

COME NOW Plaintiffs, by and through their counsel, and for their Response and Objection to Defendants' Motion for Sanctions regarding the allegation of spoliation, Plaintiffs state as follows:

## ARGUMENT & AUTHORITY

Spoliation is defined as "[t]he destruction of evidence." *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, 987 P.2d 1185, 1202 (Okla. 1999). "Spoliation occurs when evidence **relevant to prospective litigation** is destroyed, **adversely affecting the ability of a litigant** to prove his or her claim." *Id.* (emphasis added). As shown throughout this Response and Objection, the "critical evidence" that was allegedly destroyed has no

bearing on the Plaintiffs' claims or the Defendants' defenses, even assuming *arguendo* that the Plaintiffs' were ever in possession of the same after the crash.

Defendants' request for sanctions for alleged spoliation of evidence is nothing more than an attempt to create a sham issue in order to normalize or somehow negate Swift's own destruction of evidence. Plaintiffs are seeking sanctions for Swift's destruction of evidence, the remedies for which vary from directed verdict to an adverse inference instruction.[1] Essentially, Defendants have now fabricated a dispute regarding Plaintiffs' evidence after the close of discovery in order to say, "they did it, too." Yet, the evidence Swift purports was destroyed by Plaintiff has not been in his possession since he was extracted from his CMV and flown to a hospital for emergency medical care on the night of the crash. On the other hand, Defendant Swift was the sole possessor of the evidence it destroyed after the crash. There is a drastic dissimilarity between the two.

Defendants' arguments regarding Plaintiffs' driver logs are without merit and a last-ditch effort to create another evidentiary dispute. Defendants argue that "even though his cell phone was removed at some point after the accident," he did not retrieve the log book from his truck, therefore he has destroyed the evidence. In reality, Plaintiff Adam Cox's brother-in-law did retrieve the phone because Plaintiff was in the hospital for the five weeks following the crash. The cell phone was completely destroyed in the collision. See Exhibit 1, Deposition of Adam Cox, 140:2-8. Given the severity of the collision, the log book containing his written logs was destroyed as well. See Exhibit 2, Plaintiff Adam

---

[1] See Plaintiffs Adam and Kimberly Cox's Motion for Sanctions Pursuant to Federal Rule 37 for Defendant Swift's Spoliation of Evidence [Doc. 88], filed June 20, 2019.

2

Cox's Responses to Defendants' Requests for Production of Documents, Nos. 12 and 15. On the contrary, none of the evidence that Defendant Swift has destroyed was affected by the crash.

Defendants rely on the Affidavit of Paul Koons for the proposition that Plaintiff destroyed the ECM on his CMV. Mr. Koons, the Emergency Response Director for the company that hauled off the pieces of Plaintiff's tractor after the crash, states that he held the ECM for a month before sending it to a scrap yard. Defendants argue that they have been prejudiced by the Plaintiffs' failure to preserve the ECM, which would provide information regarding speed and hard-braking, if any, for the time of the crash.

Defendants have conveniently failed to disclose to the Court that Plaintiffs' GPS tracker data for the trailer Plaintiff was transporting was produced to Defendants early in litigation. See Exhibit 3, ibright Enterprise Activity-Detail printout. This document shows when the trailer began to be in service at 5:00 p.m. on July 30, 2017 and the location, Denton, Texas. It also shows that at 12:30 a.m. on July 31, 2017, just minutes before the collision, the vehicle was travelling at 115.9 kilometers per hour, which equates to 72 miles per hour. Only 3 minutes and 4.2 kilometers (2.6 miles) later, the collision occurred. This document coincides with Plaintiff's testimony regarding his speed and when he began to work on July 30, 2017. Clearly, the evidence provides Plaintiffs' speed AND the hours of service that Defendants' allege can no longer be ascertained.

Defendants further argue that Plaintiffs' "interrogation" of Trooper McCarthy or the Parkland Health System information sheet shows intent to pursue litigation. However, nothing in the transcript of the conversation with Trooper McCarthy suggests litigation.

3

On the contrary, it shows Plaintiff Adam Cox and his sister inquiring as to how the crash occurred and the factors that led to him being there. Plaintiffs would have been interested in how the crash occurred, the other driver's actions and the Trooper's opinions regardless of whether litigation was anticipated. Any person sustaining severe injuries would want to have a conversation with the investigating officer as Plaintiff Adam Cox did, even from his hospital bed. It cannot be said that the conversation implies anything more than a justifiable interest in the officer's investigation.

As for the Parkland Health System information sheet, Defendants again mislead the Court regarding what the actual evidence is. At the bottom left-hand corner of Exhibit 3 to Defendants' Motion, the document reads: "Printed on 7/3/18 2:06 PM." The "Encounter date" is located at the top and references the date Plaintiff Adam Cox initially became a patient of Parkland Health System, September 5, 2017. Plaintiffs' counsel was not associated with Plaintiffs until October of 2017. The information sheet has clearly been updated since September 5, 2017, up to the print date of July 3, 2018, to contain Plaintiffs' counsel's email address. Consequently, nothing in the information sheet can be construed as a showing of intent or anticipation of litigation.

Finally, even if this Court determines that Plaintiffs' had a duty to preserve this information, Defendants cannot show that they will be adversely affected by the inability to procure and use the information. The only information not provided by the ibright Enterprise Activity-Detail printout that Defendants allege is important and could have been obtained from the ECM is braking data. Yet, Defendants' expert Scott Haney opines that Plaintiff did not apply his brakes at all before the collision. See Exhibit 4, Excerpt of the

4

Report of Scott Haney, p. 3. Further, the only witness to the crash, Durrance Johnson, testified that he did not see any brake lights illuminate on Plaintiffs' trailer. See Exhibit 5, Deposition of Durrance Johnson, 63:23-25. The evidence shows that Plaintiff Adam Cox did not apply his brakes before the collision. He did not have time. This is not contested. Thus, the braking data is not relevant to the present claims or defenses. The evidence relevant to the issues of Plaintiff's speed and hours of service is contained in the ibright Enterprise Activity-Detail printout, thereby making the ECM data and log book surplus evidence at best and provides the information Defendants seek to utilize as part of their defense.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully requests this Court deny Defendants' Motion in its entirety, along with any other relief this Court deems equitable and just. Plaintiffs' driver logs and ECM data have no bearing on the claims or defenses in this case other than the data that has already been disclosed in the ibright Enterprise Activity-Detail printout and the multitude of other discovery responses and testimony. Furthermore, Plaintiff Adam Cox's driver logs were destroyed in the crash, which occurred due to Defendants' negligence, and was in a hospital bed when the ECM was sent to the scrap yard. Plaintiffs cannot be sanctioned for occurrences out of their control and for the loss of data that has no relation to the claims and defenses in this matter.

Respectfully submitted,


/s/ Jim Buxton
Jim Buxton, OBA #19057
Buxton Law Group
1625 N. Classen Blvd.
Oklahoma City, OK 73106
Telephone – (405) 604-5577
Facsimile – (405) 604-5578
jim@buxtonlawgroup.com

and

/s/Jacquelyn Ford
Jacquelyn Ford, OBA #21179
Ford Law
1621 N. Classen Blvd.
Oklahoma City, OK 73106
Telephone – (405) 604-3200
Facsimile – (405) 239-2595
jacqui@fordlawokc.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18 day of July 2019, I electronically transmitted the attached document to the following counsel of record:

Robert P. Coffey
Timothy S. Harmon, Sr.
Robert E. Applegate
Coffey Senger & McDaniel, PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
robert@csmlawgroup.com
tim@csmlawgroup.com
applegate@csmlawgroup.com

Keith Russell Breechen
Johnson Hana & Vosler
9801 N. Broadway Ext.
Oklahoma City, OK 73114
kbreechen@johnsonhanan.com

Stephen A. Smith
Matthiesen, Wickert & Lehrer, SC
1111 East Summer Street
P.O. Box 27060
Hartford, WI 53027-0670
ssmith@mwl-law.com

/s/ Jim Buxton
Jim Buxton